NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000675
31-OCT-2013
09:32 AM

NO. CAAP-12-0000675

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
TEVITA LEʻOKAVA AHOLELEI, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1881)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Tevita Leʻokava Aholelei (Aholelei) appeals from the July 18, 2012 Judgment of the Circuit Court of the First Circuit (Circuit Court) on one count of Manslaughter in violation of Hawaii Revised Statutes (HRS) § 707-702(1)(a) (Supp. 2012) for the death of Solomone Niusini (Niusini), also known as Mone, outside of a bar in Kalihi in the early morning hours of December 18, 2011.[1] Aholelei was sentenced to a term of twenty years incarceration, with a mandatory minimum term of one year as a repeat offender.

On appeal, Aholelei argues that (1) "there was no substantial evidence to support [his] conviction where he did not recklessly cause [Niusini's] death[;]" (2) "the trial court abused its discretion in allowing the State to introduce the autopsy photographs[;]" (3) "the trial court abused its discretion in denying [his] motion for mistrial[;]" and (4) the State's "statements during closing argument that misstated the law and misrepresented the evidence constituted misconduct."

After careful review of the issues raised, the parties' arguments, the record on appeal and the applicable legal authorities, we resolve Aholelei's appeal as follows and affirm.

---

[1] The Honorable Glenn J. Kim presided.

1. Aholelei argues that the State "failed to prove that [Aholelei] had recklessly caused" the death of Niusini because the "convoluted and implausible sequence of events that led to [Niusini's] death could not have been foreseen[.]"[2]

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)). "[I]t is not necessary for the prosecution to introduce direct evidence of a defendant's state of mind in order to prove that the defendant acted intentionally, knowingly or recklessly." State v. Eastman, 81 Hawai'i 131, 140-41, 913 P.2d 57, 66-67 (1996). Instead, "[t]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." Eastman 81 Hawai'i at 141, 913 P.2d at 67.

There is no dispute that Aholelei struck Niusini on the chin, causing Niusini to fall backwards onto the sidewalk, where he hit his head and subsequently died. Witnesses testified that there was no observed fighting or arguing before Niusini was hit in the face; he did not attempt to block or dodge the punch or

---

[2] In Hawai'i, "recklessness" is defined by statute in HRS § 702-206(3) (1993) (emphasis added):

(a) A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature.

(b) A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist.

(c) A person acts recklessly with respect to a result of his conduct when he consciously disregards a substantial and unjustifiable risk that his conduct will cause such a result.

(d) A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation.

brace himself as he fell straight back; the force of the punch was "hard," based on the volume and sound of the punch when it landed; that Niusini's head "flies back" with the force of the punch and hit the ground first; and that the impact of Niusini's head on the pavement could be heard across the street. Testimony was also given that Aholelei continued to try to engage with Niusini, waving his arms and exhorting him to "get up" even after the latter was down on the sidewalk and a "gurgling sound" could be heard from his mouth. Given this testimony, it was reasonable to infer that Aholelei intentionally struck Niusini with enough force to send him to the pavement and recklessly disregarded the risk that in doing so Niusini could hit his head and die.

Aholelei fails to provide any authority for his contention that events involved here constituted a "convoluted and implausible sequence of events." To the contrary,

> While it may be rare for a person to die from a punch, fistfights often result in serious bodily injury and have been known to end in death. See, e.g., [Commonwealth v. Burton, 2 A.3d 598, 599-600 (Pa. Super. Ct. 2010)]; Hall v. State, 951 So.2d 91, 92 (Fla. Dist. Ct. App. 2007), abrogated on other grounds by State v. Montgomery, 39 So.3d 252 (Fla. 2010) ("This case is another tragic instance of manslaughter by single punch to the head."). A reasonable person would have been aware of this possibility, particularly under the circumstances of this case. A reasonable person would have understood that the head is a vital and vulnerable part of the body, and that a significant enough blow to the head could prove fatal. Absent evidence that [defendant] was actually unaware of this risk that a reasonable person would have perceived, we find the "awareness" prong of recklessness to have been met because a rational trier of fact could have determined beyond a reasonable doubt that [defendant] acted in awareness that punching someone very hard in the back of the head creates a substantial risk of serious bodily injury or death.

People v. Chin Song, No. CRA12-0001, 2012 WL 6738234, at *11 (Guam Dec. 20, 2012); see People v. Cravens, 53 Cal. 4th 500, 510-11, 267 P.3d 1113, 1120 (Cal. 2012) (rejecting defendant's claim that his unprovoked single punch to the head with "unprecedented force," launching the victim head first to the pavement with a "sickening crack that was loud enough to be heard in the neighbors' homes" was a "freak result[.]") Moreover, Aholelei does not cite to any authority that holds that proof he was aware of the risk of the specific sequence of events was required, nor have we found any. To the contrary, recklessness

as to the result of conduct is as to the result, not to the exact mechanism leading to the result. HRS § 702-206(3)(c) (1993).

Examining the evidence presented in the light most favorable to the State, we do not agree that it was insufficient. State v. Pone, 78 Hawai'i 262, 265, 892 P.2d 455, 458 (1995).

2. The admission of autopsy photographs over objection did not constitute an abuse of discretion by the Circuit Court. The two photos in question were color autopsy photographs of Niusini's head, described by the State's medical expert.[3] Despite their graphic nature and the fact that there was no dispute over the identity of the decedent, the nature or cause of his injuries, or the fact that Aholelei had caused those injuries, these photographs had probative value because they depicted the internal injuries suffered and "showed the nature, extent, and location of the injuries, and corroborated the testimony" of the State's expert medical witness's testimony regarding the cause of death. The relevancy of the photographs is not in dispute. The Circuit Court examined the four autopsy photographs offered by the State and excluded two of the four. "The admission or rejection of photographs is a matter within the discretion of the trial court[.]" State v. Edwards, 81 Hawai'i 293, 297, 916 P.2d 703, 707 (1996). It was not an abuse of the Circuit Court's discretion to have determined that the photographs were more probative than prejudicial.

3. It was not an abuse of the Circuit Court's discretion to deny the motion for mistrial based on the allegation that Officer Darrin Lum's (Officer Lum) comment that "[n]o one wanted to provide any kind of information or statement to me" "constituted a[] negative comment on [Aholelei's] fundamental right to remain silent."

It is well-established that "[t]here is nothing more basic and more fundamental than that the accused has a constitutional right to remain silent, and the exercise of this privilege may not be used against him." State v. Alo, 57 Haw. 418, 424, 558 P.2d 1012, 1016 (1976). Aholelei's characterization of Officer Lum's testimony overstates its

___

[3] State's Exhibit 21 showed the extent of the internal hemorrhaging and State's Exhibit 22 showed the fracture of the skull.

import. It does not appear that, taken in context, Officer Lum's comment was anything more than a statement that the persons on the scene did not wish to talk to him. There was nothing in the testimony from which the jury could infer that Officer Lum's testimony was referring to Aholelei.

4. The State did not commit misconduct in its closing arguments. Aholelei argues two points: that an analogy drawn between the alleged recklessness of his conduct and "running with scissors" was improper as a misstatement of the law, and that the State "misstated the evidence when it told the jury that [Aholelei] had been aware that [Niusini] was drunk and that his knowledge further established that he had acted recklessly."

a. Although the Circuit Court reserved ruling on Aholelei's objection to the prosecution's Power Point slides referencing the "running with scissors" analogy, Aholelei did not object when the argument was made. We thus review for plain error. State v. Rodrigues, 113 Hawai'i 41, 47, 147 P.3d 825, 831 (2006).

As the jury was instructed, "[s]tatements or remarks made by counsel are not evidence." State v. Quitog, 85 Hawai'i 128, 144, 938 P.2d 559, 575 (1997) (quoting State v. Marsh, 68 Haw. 659, 661, 728 P.2d 1301, 1303 (1986)). Further, it is generally well-settled that attorneys are afforded wide latitude during closing arguments. State v. Rogan, 91 Hawai'i 405, 412, 984 P.2d 1231, 1238 (1999); See Jacob A. Stein, Closing Arguments § 1:14 (2013-2014 ed.)

The analogizing of Aholelei's conduct to that of "a child running with scissors" after being warned by a parent of the inherent danger was not "a blatant misstatement of the law as applied to the facts of the case."[4] The punch itself was not

---

[4]    The State argued in closing argument that:

>     [I]t's not necessary that the defendant wanted to kill
> [Niusini]. It's not necessary that he was specifically
> trying to kill [Niusini]. There are great arguments for
> that's what he was trying to do, but that's not what he's
> charged with, and that is not what the State has to prove.
> The State has to prove that he recklessly caused the death.
> So don't be confused, and don't think that because it's
> unclear what he wanted to do, that that somehow negates the
>                                          (continued...)

analogized to running with scissors. Instead, the State was using the analogy to make the point that it was not required to prove Aholelei intended to cause Niusini's death, but that he disregarded the risk of doing so to return a conviction for manslaughter.

b.     The State did not misstate the evidence when it stated during rebuttal argument that Aholelei knew that Niusini "had been drinking that night."[5]     There was testimony that Aholelei and Niusini were facing each other at the time of the incident outside the bar, and both appeared to be drunk.     The State's statement that Aholelei knew that Niusini had been drinking was a reasonable inference from the evidence and was within the range of legitimate argument.

Therefore, the July 18, 2012 Judgment of the Circuit Court of the First Circuit is affirmed.

DATED:     Honolulu, Hawai'i, October 31, 2013.

On the briefs:

Thomas R. Waters,
for Defendant-Appellant.

Presiding Judge

Associate Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

---

[4](...continued)
     possibility of the defendant being guilty of Manslaughter.
     It does not.

          Analogously, when we're talking about recklessly, I
     had this example of running with scissors. Now, the goal
     here is to not poke your eye out, or, more broadly, to not
     be hurt, you know. A mother tells her kid don't run with the
     scissors, okay. Why? Not because the kid is trying to
     actively poke his eye out, but because she knows that if you
     run with scissors and you trip and you fall, you're creating
     a situation where you're recklessly disregarding the very
     possibility that you're going to poke your eye out. So
     that's what we're talking about when we talk about
     recklessly.

[5]     Although Aholelei objected soon after this statement, it was
unclear which exact statement the objection was made to. Moreover, the
objection was to a "misstatement of the law." In any event, the objection was
overruled by the Circuit Court and the State moved on to another point.